UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST, et al.,<br><br>Plaintiff(s),<br>v.<br><br>ELECTRICAL SYSTEMS SOLUTIONS, INC., et al.,<br><br>Defendant(s). | CASE NO. C26-1302-KKE<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

Plaintiffs are a group of Taft-Hartley trust funds ("the Trust Funds") that sued Defendant Electrical Systems Solutions, Inc. ("ESS") and its owner, Richard Barrientos, in April 2026. Dkt. No. 1 ¶¶ 1.1–1.7. The Trust Funds' complaint alleges that, contrary to contracts ESS assented to, ESS failed to pay fringe benefits to the Trust Funds on a monthly basis for each hour of covered work performed by ESS employees. *Id.* ¶¶ 3.5–3.20.

No Defendant appeared or otherwise responded to the Trust Funds' complaint, and the Court entered an order of default against ESS and Barrientos. Dkt. No. 13. The Trust Funds have now moved for entry of default judgment (Dkt. No. 15) on their claims for breach of contract, violation of the Employee Retirement Income Security Act ("ERISA"), and breach of fiduciary duty, which the Court will grant for the following reasons.

## I. ANALYSIS

### A. Jurisdiction

Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

This Court has subject matter jurisdiction under ERISA. Dkt. No. 1 ¶ 2.1.

The Court has personal jurisdiction over ESS, whose registered agent was properly served with the summons and complaint, and Barrientos, who was personally served with process. Dkt. Nos. 9–12.

### B. Legal Standard

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored[,]" because courts prefer to decide "[c]ases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). At the default judgment stage, the court takes "the well-pleaded factual allegations" in the complaint "as true[,]" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). When considering whether to exercise discretion in entering a default judgment, courts may consider various factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

This district also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Rules W.D. Wash. LCR 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**C. The Trust Funds Are Entitled to Default Judgment.**

The Court applies the *Eitel* factors to this case and finds that they favor a default judgment on the Trust Funds' claims.

*1. Possibility of Prejudice to the Trust Funds*

For the first *Eitel* factor, the Court analyzes the possibility of prejudice to the Trust Funds. Prejudice exists when "the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation modified).

In this case, Defendants have failed to respond to or otherwise defend against the complaint. Without a default judgment, the Trust Funds would have no recourse. Therefore, the Court finds the first *Eitel* factor favors a default judgment.

*2. Sufficiency and Merits of the Trust Funds' Complaint*

The Court analyzes the second and third *Eitel* factors—the merits of the Trust Funds' substantive claims and the sufficiency of the complaint—together. *See, e.g.*, *Curtis*, 33 F. Supp. 3d at 1211. For the following reasons, the Court finds that the Trust Funds have alleged facts in their complaint showing that Defendants are liable on their claims to recover monetary damages.

The complaint alleges that ESS agreed to multiple contracts obligating it to pay certain amounts to the Trust Funds and certain liquidated damages and interest upon any delinquent contribution payments, as well as attorney's fees and costs expended in connection with investigating and prosecuting this action. Dkt. No. 1 ¶¶ 3.1–3.20. The Trust Funds have provided copies of the applicable contracts, along with support for their claims that ESS was delinquent on

its contributions to the Trust Funds and that Barrientos is individually liable as an ERISA fiduciary for the contributions and related damages owed to the Trust Funds by ESS. Dkt. No. 15 at 5, Dkt. No. 16. The Trust Funds have therefore stated and supported their claims against Defendants. The Court thus finds the second and third *Eitel* factors favor a default judgment for the Trust Funds.

*3. The Sum of Money at Stake*

For the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). The Court also assesses whether the amount of monetary damage requested is proportional to the harm caused by the defendant. *See Curtis*, 33 F. Supp. 3d at 1212.

In this case, the Trust Funds seek to recover from ESS delinquent contributions in the amount of $74,036.58, liquidated damages in the amount of $7,189.73, and $6,180.40 in interest. Dkt. No. 15-2. The Trust Funds also seek to recover $14,595.13 from Barrientos in contributions withheld from employee paychecks. *Id.* The Trust Funds further request an award of attorney's fees totaling $7,773.95, and a cost award of $688.00. *Id.* These amounts are directly proportional to the harm and seriousness of Defendants' failure to timely contribute to the Trust Funds. This factor weighs in favor of default judgment.

*4. Possibility of Dispute over Material Facts*

For the fifth *Eitel* factor, the Court considers the possibility of a dispute concerning material facts. *Eitel*, 782 F.2d at 1471–72. Upon default, a plaintiff's factual allegations of the complaint will be taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Because Defendants failed to appear or otherwise respond, they have failed to rebut the Trust Funds' allegations or evidence provided to support its claim. Therefore, given that no dispute of material facts is apparent, the Court finds that the fifth *Eitel* factor favors entry of a default judgment.

5. *Possibility of Excusable Neglect*

For the sixth *Eitel* factor, the Court assesses whether the defendant's default was due to excusable neglect. Here, because Defendants received notice of this action and yet made no apparent effort to respond to the complaint or otherwise defend, the Court finds that the sixth *Eitel* factor favors entry of a default judgment. *See Landstar Ranger, Inc. v. Parth Enters.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010).

6. *Policy in Favor of Decision on the Merits*

For the seventh *Eitel* factor, the Court addresses the strong policy preference in favor of resolution of claims on their merits. *See Eitel*, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, a defendant's "failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177.

Thus, although the Court's preference for resolving issues on their merits weighs against entry of a default judgment, this factor is outweighed by the other *Eitel* factors, as summarized here. Accordingly, the Court finds that the Trust Funds' motion for default judgment should be granted.

**D. The Trust Funds Provide Sufficient Evidence to Support the Damages Requested.**

Once a court determines default judgment is proper, it then ensures "the amount of damages is reasonable and demonstrated by the evidence." *Curtis*, 33 F. Supp. 3d at 1211. A plaintiff must provide "a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." LCR 55(b)(2)(A).

Here, the Trust Funds provide evidentiary support for their claim against ESS for delinquent contributions in the amount of $74,036.58, liquidated damages in the amount of $7,189.73, and $6,180.40 in interest. Dkt. No. 16 at 84–115. The Trust Funds have also provided evidentiary support for their claim against Barrientos for $14,595.13 in contributions withheld from employee paychecks. *Id.* at 103. The Trust Agreements for each Trust Fund provide that the Trust Funds are entitled to recover these amounts from Defendants. *See id.* at 42–44, 46–47, 55–58, 66–68, 74–77, 81–82.

The Trust Funds have also sufficiently supported their request for an award of attorney's fees in the amount of $7,773.95, and a cost award of $688.00. Dkt. No. 17 at 9–13. Both the hours expended (as documented in the timesheets attached to the declaration submitted along with the motion for default judgment) and the hourly rates charged by the professionals managing this case are reasonable and in line with awards in similar cases. *See id.* at 9–81. Therefore, the Court will award the fees requested. *See, e.g.*, *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (explaining that a court determines a reasonable fee award by first calculating the lodestar, which represents the product of a reasonable number of hours expended and a reasonable hourly rate). ERISA (29 U.S.C. § 1132(g)(2)(D)) and the Trust Agreements provide that the Trust Funds are entitled to recover these amounts from Defendants. *See* Dkt. No. 16 at 44, 46–47, 56, 67, 76–77, 82.

## II. CONCLUSION

For these reasons, the Court GRANTS Plaintiffs' motion for default judgment. Dkt. No. 15. The Court will enter judgment in favor of Plaintiffs against Defendants.

Dated this 23rd day of October, 2026.

Kymberly K. Evanson
United States District Judge